JAMES MARTIN MIRIKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mirike v. Commissioner
Docket No. 23084-92
United States Tax Court
T.C. Memo 1994-348; 1994 Tax Ct. Memo LEXIS 356; 68 T.C.M. (CCH) 211; July 26, 1994, Filed *356 Decision will be entered for respondent. James Martin Mirike, pro se.
For respondent: Travis Brent Hull. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent determined $ 8,296, $ 2,592, and $ 3,548 Federal income tax deficiencies in petitioner's 1984, 1985, and 1986 tax years, respectively. Respondent also determined additions to tax for 1984, 1985, and 1986 in the respective amounts of $ 2,074, $ 648, and $ 887 under section 6651(a) [1] and $ 521, $ 149, and $ 148 under section 6654. Finally, respondent determined additions to tax under section 6653(a)(1) for 1984 and 1985 and section 6653(a)(1)(A) for 1986 in the respective amounts of $ 415, $ 130, and $ 177, and determined that 50 percent of the interest due on any redetermined deficiencies would also be due under section 6653(a)(2) for 1984 and 1985 and under section 6653(a)(1)(B) for 1986. The parties have stipulated that petitioner failed to file returns for 1984, 1985, and 1986 and that respondent has determined the correct amount of income for each of those years. The remaining issue is whether section 6211 would permit respondent to determine or assess a deficiency in situations where taxpayers fail to file a *357 return. Petitioner resided at Corsicana, Texas, at the time of the filing of the petition in this case. Petitioner failed to file returns for the taxable years 1984, 1985, and 1986. Petitioner received wages of $ 37,178, $ 15,017, and $ 22,981 for the respective taxable years, and $ 3,871 of taxable unemployment compensation for 1985. After allowing a personal exemption and the standard deduction, respondent determined the income tax deficiencies in this case. The parties stipulated facts and offered their trial memoranda as their briefs in this proceeding. Petitioner bears the burden of showing that respondent's determination is in error. Rule 142(a); . Petitioner has offered no testimony or evidence other than the stipulation of facts. Based upon this record, petitioner *358 will be liable for the income tax deficiencies and the additions to tax if he is unsuccessful on the legal argument concerning assessment. Petitioner argues that under section 6211 respondent cannot determine or collect a deficiency unless a return is filed by the taxpayer. Section 6211 defines the term "deficiency" and petitioner relies on the following language from section 6211(a): (a) In General. -- For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B and excise taxes imposed by chapters 41, 42, 43, 44, and 45 the term "deficiency" means the amount by which the tax imposed by subtitle A or B, or chapter 41, 42, 43, 44, or 45 exceeds the excess of -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over --
(2) the amount of rebates, as defined in subsection (b)(2), made.
Petitioner uses the language "shown as the tax by the taxpayer upon his return" out of context and in conjunction with the generalized *359 concept that our tax system is one which operates by means of self-assessment. Petitioner extends the logic of his syllogism to a conclusion that without a taxpayer's consenting to assessment by the filing of a return, respondent is without statutory authority. In essence, petitioner argues that once a taxpayer files a return, respondent may seek an increased amount, but if a taxpayer fails to file, then respondent is powerless to make a determination, assessment, or to collect the tax. It is obvious that petitioner's out-of-context reading of section 6211 is in error. In defining a deficiency, section 6211(a)(1)(A) provides for a credit for any tax reported on a return so that taxpayers will not be confronted with duplicate assessments if some part or all of respondent's determinations are sustained. The language of section 6211 in no way limits respondent's authority to determine a deficiency to those situations where a return has been filed. This point has been well established for some time. See ; . *360 Petitioner also references three cases [2] that address some aspect of deficiency determinations, but those cases do not provide a basis for petitioner's position in this case. Petitioner also references certain language in other sections of the Internal Revenue Code, but they add little more to his argument. Accordingly, we hold that petitioner has not carried his burden of proof with respect to any part of respondent's determination in this case or provided a legal basis that would keep respondent from determining, assessing, or collecting an income tax deficiency from petitioner. To reflect the foregoing, Decision will be entered for respondent. *361 Footnotes
1. Section references are to the Internal Revenue Code in effect for the tax years under consideration, and Rule references are to this Court's Rules of Practice and Procedure.↩
2. ; , revg. and remanding ; .↩